UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Henry Reid, Jr., <br> a.k.a. William H. Reid, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Boggs Law Firm, Attorney at Law; <br> Cameron G. Boggs, Individually, <br><br> Defendants. | C/A No. 6:10-1476-HMH-KFM <br><br> **Report and Recommendation** |

The Plaintiff, William Henry Reid, Jr. (Plaintiff), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983/ *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Plaintiff is an inmate at Federal Correctional Institution (FCI) Edgefield, a facility of the Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

**Background**

Plaintiff states that, on December 24, 2008, he hired the "Boggs Law Firm, LLC, Attorney at Law, and Cameron G. Boggs Individually" to handle a wrongful death case involving the death of Plaintiff's wife. *See* Complaint, pages 1-2. Plaintiff later fired Mr. Boggs' law firm due to Mr. Boggs' "failure to be honesty [sic] and truthful with his client." *Id.* at 2. Plaintiff also claims that the Defendants provided information to another attorney, without the Plaintiff's knowledge or consent. *Id.* As the Defendants failed to handle Plaintiff's case with "due respect and care," he alleges that they "committed fraud, negligence professional liability, strict liability, lawyer misconduct, as well as, violation of the federal and state laws and constitutions of the United States, and the State of South Carolina." *Id.* Plaintiff seeks monetary damages for the Defendants' actions.

**Discussion**

The instant action alleges that the Defendants violated Plaintiff's "clearly established constitutional right[s]" while acting under "state and federal laws." See Complaint, pages 3-4. As such, Plaintiff's complaint has been construed as a civil rights action filed pursuant to 42 U.S.C. § 1983 or, to the extent Plaintiff claims the Defendants are federal actors, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] In order to state a cause of action under 42 U.S.C. § 1983/*Bivens*, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or [federal] law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). See also 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

However, it is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). See also *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994)("Private lawyers do not act 'under color of state law' merely by making use of the state's court system"); *Hansen v. Ahlgrimm*, 520 F.2d 768, 770

---

[2] *Bivens* established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14,18 (1980). See also *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. See *Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). See also *Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

(7th Cir. 1975)("[i]t is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law").

In the instant action, Plaintiff claims that Defendant Cameron G. Boggs, an attorney, failed to adequately handle Plaintiff's wrongful death claim. As Plaintiff is suing this Defendant for traditional functions performed as Plaintiff's counsel in a private legal action, Defendant Boggs' actions were not performed "under color" of state or federal law for purposes of § 1983/*Bivens*. Further, it is noted that Plaintiff provides no factual information, beyond his bare assertion of state or federal action, to indicate that Defendant Boggs Law Firm, a private company, is in any way associated with the state or federal government. As Defendant Boggs Law Firm's private conduct is not actionable under § 1983, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982), and Defendant Cameron G. Boggs is not amenable to suit under § 1983/*Bivens* for traditional functions performed as counsel, these Defendants are entitled to dismissal from this action.

Finally, it is noted that, even if Plaintiff had named proper defendants in this lawsuit, his claims would still be subject to summary dismissal. While Plaintiff's complaint may be interpreted as an action for negligence, such a claim, in general, is not cognizable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir.1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Thus, Plaintiff's claims regarding the Defendants' allegedly negligent legal representation are subject to summary dismissal for failure to state a claim upon which relief may be granted. Although claims of

negligence and legal malpractice are actionable under South Carolina law, this Court has no jurisdiction over the parties absent diversity[3] or pendant jurisdiction. As the Plaintiff and both Defendants are residents of the State of South Carolina, diversity jurisdiction is not present in the above-captioned case. In regards to pendant jurisdiction, Federal courts may hear and decide state-law claims along with federal-law claims under "supplemental jurisdiction." *See* 28 U.S.C. § 1367(c)(3); *Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 387 (1998). However, Plaintiff's allegations of federal constitutional violations fail to state a claim upon which relief may be granted. Therefore, Plaintiff's complaint should be dismissed, and the Court should decline to exercise supplemental jurisdiction over any state law claims which may be found in the instant civil rights action.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

June 15, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

---

[3] The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).